UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                              Case No. 3:17-cr-55-JJH-9

        Plaintiff,

    v.                                                                     MEMORANDUM OPINION
                                                 AND ORDER

Dominique Brown,

        Defendant.


## I.  INTRODUCTION AND BACKGROUND

Defendant Dominique Brown seeks an order reducing his sentence to time served and providing for his immediate release from custody.  (Doc. Nos. 699 & 702).  The government filed a motion to dismiss Brown's request, (Doc. No. 703), and Brown responded to that motion.  (Doc. No. 704).

In March 2017, Brown was indicted on one count of conspiracy to possess with intent to distribute and distribution of heroin and cocaine, four counts of distribution of heroin, one count of using a telephone to facilitate a drug conspiracy, and one count of interstate travel in aid of a business enterprise involving distribution of heroin and cocaine.  (Doc. No. 17).  Brown pled guilty to one count of conspiracy to possess with intent to distribute and distribution of heroin and cocaine; the remaining counts were dismissed.  After considering the arguments of counsel and the factors set forth in 18 U.S.C. § 3553(a), I granted Brown a downward variance from his Guidelines range of 60 to 71 months and sentenced him to a total of 37 months in prison and a supervised release term of 2 years.  (Doc. No. 547).

On May 18, 2020, Brown filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 699).  The federal public defender filed a notice of appearance and filed a supplemental motion for compassionate release on June 10, 2020.  (Doc. Nos. 701 & 702).  In support of his motions, Brown claims his chronic asthmatic bronchitis increases his risk of serious illness or death if he were to contract COVID-19 while incarcerated.  (Doc. No. 702 at 8).

At the time his initial motions were filed, Brown was incarcerated at Federal Correctional Complex – Ashland in Ashland, Kentucky.  But in October 2020, Brown was removed from FCI Ashland and is currently being housed at Volunteers of America Greater Ohio RRC ("VOA"), a halfway house in Toledo, OH.  (Doc. No. 752).  From there, he is able to work as a barber six days a week but is required to return to VOA by 8:30 p.m. each evening and spends the evening in his dorm with approximately thirty other residents.  (*Id.* at 1-2).  Brown claims that there are no barriers between the beds, which are approximately three feet apart from one another, and that, despite the fact that residents within his dorm have tested positive, the other residents of the dorm have not been tested.  (*Id.* at 2).

## II.  ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration.  While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction

2

is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418 (Mem), 2020 WL 5117947, at *1 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

The district court also "must find that the defendant 'is not a danger to the safety of any other person or to the community.'" *Id.* (quoting USSG § 1B1.13(2) (citing 18 U.S.C. § 3142(g)); *see also United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("If these criteria are satisfied, the district court 'may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment).'" (quoting 18 U.S.C. § 3582(c)(1)(A)).

Brown stated that he made a request for emergency home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which was denied because he had not completed 50% of his sentence.  (Doc. No. 699 at 1).  The government alleges this does not satisfy the exhaustion requirement because Brown's request was one for home confinement under 18 U.S.C. § 3623(c)(2) rather than a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 703 at 3-4).  But as noted by Brown, other district courts have rejected this argument by the government in similar cases as "the Warden would have understood [the defendant's] request to encompass a request for compassionate release even though it only specifically referred to the CARES Act."  *United States v. Carr*, No. 1:13CR00034-001, 2020 WL 2847633, at *3 (W.D. Va. June 2, 2020); *see, e.g., United States v. Murray*, Crim. No. 19-041, 2020 WL 4000858, at *3 (E.D. La. July 15, 2020).  I find this reasoning persuasive and conclude Brown has satisfied the exhaustion requirement.[1]

---

[1] Regarding his current placement at VOA, Brown alleges he has been informed that no process exists to request compassionate release that may be exhausted.  (Doc. No. 752 at 2-3).  Because Brown previously exhausted his remedies and has attempted to do so at his current placement, I find the exhaustion requirement satisfied.

3

Turning to the merits of compassionate release, Brown alleges he has chronic asthmatic bronchitis, which increases his risk of suffering severe illness if he were to contract COVID-19.[2] Brown did not report this condition to Pretrial Services prior to sentencing and does not allege that he has received treatment for his asthma while incarcerated. But Brown now reports that he has suffered from this condition throughout his life and was hospitalized for it just before surrendering to custody. (Doc. No. 702 at 8). Although evidence of this condition is absent, I will accept his representation through the Federal Public Defender as true and conclude Brown does have asthma that has required hospitalization in the past.

The CDC has advised that "moderate-to-severe asthma might increase your risk for severe illness from COVID-19."[3] To avoid contracting COVID-19 and, in turn, experiencing severe illness from it, the CDC recommends staying at least 6 feet away from other people.[4] At the VOA, Brown is not able to do this because the bunks are allegedly three feet apart from one another and no barriers are installed to hinder the airflow from one bunk to another. (Doc. No. 752 at 2). Additionally, because residents are permitted to work outside of the facility, there is a greater risk that any one resident could contract COVID-19 in the general public and carry it back to the close quarters of the dorm. In light of this heightened risk for contracting COVID-19 at VOA, I find Brown's asthma which may increase his risk of severe illness from COVID-19 constitutes a "extraordinary and compelling" reason warranting a reduced sentence.

---

[2] Brown also cites his family history of high blood pressure and Type II diabetes. (Doc. No. 702 at 10). But because he does not present with symptoms of these conditions, I do not find this relevant to the analysis.

[3] People with Certain Medical Conditions, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Dec. 29, 2020).

[4] People with Moderate to Severe Asthma, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fasthma.html (last updated Jan. 20, 2021).

Brown has also shown a reduced sentence complies with the § 3553(a) factors.  Brown currently has approximately seven months remaining on his sentence.  During his incarceration, Brown participated in many programs available to prepare him for reentry and incurred no disciplinary infractions.  Since his transfer to VOA, he has been working six days a week as a barber. Although I recognize that the nature and circumstances of the convicted offense are very serious, Brown did not have a criminal history prior to this offense and had no violations while on bond for nearly two years during the pendency of this case.  In sum, considering the nature and circumstance of the offense and Brown's history and characteristics, I find Brown has served a sentence of incarceration sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(1)-(2).

## III.  CONCLUSION

For the foregoing reasons, Brown's motions for compassionate release are granted.  (Doc. Nos. 699 & 702).  The government's motion to dismiss is denied.  (Doc. No. 703).

Upon release from custody, Brown shall be placed on supervised release for two years as contemplated by the original sentence.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge